UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dan S. Murray,
    Plaintiff

    v.                                    Case No. 15-cv-475-SM
                                          Opinion No. 2016 DNH 064
The Bank of New York Mellon,
F/K/A The Bank of New York,
as Trustee for the Certificate-
Holders of CWABS, Inc. Asset-Backed
Certificate Series 2004-11,
    Defendant


**O R D E R**

Pro se plaintiff, Dan S. Murray, originally filed this action in state court, seeking to invalidate the foreclosure deed to his home and to enjoin any further possessory actions against him.  Defendant, The Bank of New York Mellon ("BNYM"), timely removed the action, invoking this court's diversity jurisdiction.  See 28 U.S.C. §§ 1332, 1441, and 1446.  Pending before the court are plaintiff's motion to remand this matter to state court, as well as defendant's motion to dismiss all of plaintiff's claims.  Defendant has objected to plaintiff's motion to remand.  Plaintiff, however, has not objected (or otherwise responded) to defendant's motion to dismiss.

For the reasons discussed, plaintiff's motion to remand is denied, and defendant's motion to dismiss is granted.

**Factual Background**

This litigation arises out of the foreclosure of a mortgage deed to plaintiff's home in Dover, New Hampshire (the "Property"). Accepting the allegations of the plaintiff's complaint as true - as the court must at this juncture - and based upon the undisputed documents of record, the relevant facts are as follows. In October of 2004, plaintiff executed a promissory note in the amount of $379,500.00, payable to Full Spectrum Lending, Inc. As security for that loan, plaintiff conveyed a mortgage deed to the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Full Spectrum Lending, its successors and assigns (the "Mortgage Deed").

At some point in 2009, plaintiff defaulted on the promissory note. Subsequently, the Mortgage Deed was assigned to BNYM. Then, in August of 2014, BNYM conducted a foreclosure sale of the Property, at which it was the high bidder. Eventually, in a separate state court proceeding, BNYM obtained a writ of possession. Plaintiff then filed this action, seeking to invalidate the foreclosure deed and to enjoin any eviction proceedings.

**Discussion**

I.  Plaintiff's Motion to Remand.

Plaintiff moves to remand this proceeding to state court on grounds that defendant's removal was improper. In support of that motion, plaintiff points to various alleged deficiencies in the Notice of Removal (document no. 1). For example, he says, "defendant's Notice of Removal should be denied because the defendant has not yet filed an appearance in this action; either in the Strafford Superior Court or in this Court." Motion to Remand (document no. 5) at 1. Alternatively, plaintiff asserts that defendant's counsel signed the Notice of Removal as a representative of his employer/law firm, rather than in his capacity as counsel to defendant.

None of plaintiff's arguments has merit. Defendant properly removed the action to this court, and the court has subject matter jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332. Accordingly, plaintiff's motion to remand is denied.

II. Defendant's Motion to Dismiss.

As noted above, plaintiff filed this action seeking to invalidate the foreclosure deed and to enjoin any actions to evict him from the Property. In support of those efforts, he

asserts that BNYM lacks standing to evict him because it never took legal title to the Property.  See Exhibit B to plaintiff's state court complaint (document no. 1-1) at 8 (asserting that BNYM has failed to establish that it is "the bona fide owner of the property from which [it] seeks to evict" him).  Specifically, plaintiff asserts that BNYM's "failure to record a foreclosure deed in compliance with RSA 479:26 renders its foreclosure deed invalid."  Id. at 11.  And, says plaintiff, "[a]bsent a valid foreclosure deed, [BNYM] has no right to evict [him] or anyone else from the property."  Id.

Plaintiff is mistaken.  Even if the foreclosure deed and/or accompanying affidavit were defective, plaintiff lacks standing to challenge the validity of BNYM's title to the Property.  As this court (Laplante, C.J.), recently explained, a mortgagor, like plaintiff, cannot challenge alleged deficiencies in a foreclosure deed (or the foreclosure affidavit):

> As an initial matter, the court cannot accept the premise on which [plaintiff's] deed-related claims rest: that a defaulted mortgagor whose property has been sold at foreclosure has an enforceable interest in the recording of the foreclosure deed.  It is true that "[t]itle to the foreclosed premises [does] not pass to the purchaser until the time of the recording of the deed and affidavit."  N.H. Rev. Stat. Ann. § 479:26, III.  The New Hampshire Supreme Court has held, though, that "this rule does not change the fact that the debtor possessed neither a legal nor an equitable interest in the property once the auctioneer's hammer fell and the memorandum of sale was signed."  Barrows

>v. Boles, 141 N.H. 382, 393 (1996) (internal alterations and quotation marks omitted); see also McAdam v. Lorden, 2005 DNH 134, 7-12 (foreclosure sale extinguished mortgagor's interest in property, even where she refused to surrender possession).
>
>Indeed, the New Hampshire statute governing the recording of foreclosure deeds provides that failure to record the foreclosure deed and affidavit as set forth in the statute has but a single consequence: it "shall render the sale void and of no effect only as to liens and other encumbrances of record with the register of deeds for [the county where the property is situated] intervening between the day of the sale and the time of recording of said deed and affidavit." N.H. Rev. Stat. Ann. § 479:26, II (emphasis added). In other words, even where a foreclosure deed and affidavit are not recorded at all, that does not affect the validity of the foreclosure sale as to the mortgagor.

Calef v. Citibank, N.A., No. 11-CV-526-JL, 2013 WL 653951, at *5 (D.N.H. Feb. 21, 2013). In light of the foregoing, the court concluded that, "[i]t follows that where the recorded deed and affidavit are deficient in some respect - as alleged here - that, too, is a matter of no concern to the mortgagor." Id.

So it is in this case. Even if the defects in the foreclosure deed and accompanying affidavit were real - as plaintiff alleges - they are of no moment to him. He was divested of all legal and equitable interests in the Property when BNYM purchased it at the foreclosure sale. See Barrows v. Boles, 141 N.H. 382, 393 (1996).

**Conclusion**

For the foregoing reasons, as well as those set forth in defendant's legal memoranda, plaintiff's motion to remand (document no. 5) is denied and defendant's unopposed motion to dismiss all of plaintiff's claims with prejudice (document no. 8) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 23, 2016

cc:  Dan S. Murray, pro se
     Christopher J. Fischer, Esq.